133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Luis Amaya-GRANADOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70732, Axg-dct-lyw.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1997.*
Decided Jan. 6, 1998.
 
 Before: HUG, WALLACE and HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Amaya-Granados petitioned for review of a decision of the Board of Immigration Appeals (Board), which dismissed his appeal from an immigration judge's denial of his application for asylum and withholding of deportation. We then granted a petition for review and remanded the matter to the Board for further factfinding. Amaya-Granados v. INS, No. 95-70220 (9th Cir. Mar. 5, 1996) (unpublished). After complying with our remand order, the Board came to the same conclusion and Amaya-Granados once more petitions for review.
 
 
 2
 The Board had jurisdiction pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Amaya-Granados first contends that the Board used the wrong standard to determine whether he had a well-founded fear of persecution. We review the Board's determination of legal questions de novo. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (Fisher )
 
 
 4
 We instructed the Board to "determine Amaya-Granados's eligibility for asylum and withholding of deportation on account of imputed political opinion." To qualify for asylum on account of imputed political opinion, Amaya-Granados must show that he has a "well-founded fear of future persecution" on account of his imputed political opinion. 8 U.S.C. § 1158, incorporating 8 U.S.C. § 1101(a)(42)(A); Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). The test for determining if an applicant's fear is "well-founded" includes both a subjective and objective component. Cuadras v. INS, 910 F.2d 567, 570 (9th Cir.1990) (Cuadras ).
 
 
 5
 Amaya-Granados argues that the Board incorrectly interpreted the objective part of the "well-founded fear" test. According to Amaya-Granados, the correct standard is not whether "there is a reasonable possibility the applicant would be persecuted," but "whether a reasonable person in Mr. Amaya-Granados' circumstances and knowing the current conditions in his country would fear persecution ..."
 
 
 6
 "To satisfy the objective prong of the test, an alien must show that his fear has enough of a basis in reality that it can be considered well-founded." Cuadras, 910 F.2d at 571. This articulation varies slightly, but not meaningfully, from the standard espoused by other courts and cited by Amaya-Granados. Id. at 570 & n. 1.
 
 
 7
 The Board properly applied our standard. There is no evidence that the Board only looked at whether there was a "reasonable possibility" Amaya-Granados would be persecuted. The Board's disposition does not analyze or use the phrase "reasonable possibility."
 
 
 8
 "However, the use of 'magic words' is not the focus of our inquiry; we look at the analysis actually applied by the BIA." Id. at 570. In accordance with our precedent, the Board's disposition demonstrates that Amaya-Granados, or someone in his position, could not reasonably fear future persecution by detailing Amaya-Granados' past experiences. See id. at 571. The opinion then concludes: "This factual background simply is not such as to suggest that any fear the respondent may have of future persecution by either the government or the guerrillas on account of imputed political opinion is well-founded."
 
 
 9
 The Board appropriately applied our articulation of the "well-founded fear" test and determined that Amaya-Granados' fear did not have "enough of a basis in reality that it can be considered well-founded." Cuadras, 910 F.2d at 571.
 
 II
 
 10
 Amaya-Granados also argues that the Board improperly evaluated a newspaper article he submitted on remand, which described a proposed Salvadoran law that would require all Salvadorans deported back to El Salvador to go to prison for up to two years.
 
 
 11
 We review denials of asylum to see if substantial evidence supports the Board's findings. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); 8 U.S.C. § 1105a(a)(4). For us to overturn a denial of asylum, the applicant must "establish that the evidence not only supports the conclusion that she suffered persecution or has a well-founded fear of persecution, but compels it." Fisher, 79 F.3d at 961, guotinq Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995) (Ghaly ). In addition, "the Board cannot be expected to explain how much weight it places on every piece of relevant evidence." Ghaly, 58 F.3d at 1430.
 
 
 12
 The Board's denial of asylum is supported by substantial evidence. We need not reexamine every piece of evidence on appeal; the Board presumably gave appropriate weight to the newspaper-article. To the extent that Amaya-Granados is basing a new claim of persecution of a social group on this newspaper article, it is barred because he did not raise this argument below, and thus failed to exhaust his administrative remedies. See Varqas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987).
 
 
 13
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4